1   Christopher C. McNatt, Jr.
    Cal. Bar No. 174559
2   SCOPELITIS, GARVIN, LIGHT,
    HANSON & FEARY, LLC
3   2 North Lake Avenue, Suite 460
    Pasadena, CA 91101
4   (626) 795-4700
    Fax: (626) 795-4790
5   cmcnatt@scopelitis.com

6   Attorney for Defendant, Diakon Logistics Inc.

7                   **UNITED STATES DISTRICT COURT**                    **BZ**
                    **NORTHERN DISTRICT OF CALIFORNIA**
8
    GHAZI RASHID and                              )
9   MOHAMED ABDELFATTAH, Individually,            )
    On behalf of All Others similarly situated, and  )   CASE N**08        0621**
10  On behalf of the General Public,              )
                                                  )
11                        Plaintiffs,             )
                                                  )   **CLASS ACTION**
12                    vs.                         )
                                                  )
13  DIAKON LOGISTICS INC., and                    )
    DOES 1 through 50, inclusive,                 )
14                                                )   **NOTICE OF REMOVAL**
                          Defendants,             )
15  _____

16      PLEASE TAKE NOTICE that Defendant, Diakon Logistics Inc. ("Diakon"), hereby

17  removes this case from the Superior Court of San Francisco County, California, to the U.S.

18  District Court for the Northern District of California. In support of this removal, Diakon states

19  as follows:

20      1.    **The Action.**   Plaintiffs, Ghazi Rashid ("Rashid") and Mohamed Abdelfattah

21  ("Abdelfattah"), filed their Complaint For Compensatory Damages, Injunctive Relief,

22  Restitution, Disgorgement of Profits, captioned *Ghazi Rashid and Mohamed Abdelfattah,*

23  *Individually, On Behalf of All Others Similarly Situated, and On Behalf of the General Public v.*

24  *Diakon Logistics Inc., a foreign corporation, and Does 1 through 50, inclusive,* Case No. CGC-

25  07-470303 (the "Class Action Complaint"), in the Superior Court of San Francisco County,

26  California, on December 21, 2007. The Class Action Complaint asserts causes of action for (1)

27  failure to pay minimum wages in violation of Cal. Labor Code §§ 1194, 1197 and 1197.1; (2)

28  failure to provide meal breaks or compensation in violation of Cal. Labor Code §§ 226.7 and

                            1        Notice of Removal; Case No. _____ ____ ____

512, and Cal. Code Regs. tit. 8 § 11090; (3) failure to provide rest periods or compensation in violation of Cal. Labor Code § 226.7; (4) failure to reimburse for reasonable business expenses in violation of Cal. Labor Code § 2802; (5) failure to provide itemized wage statements in violation of Cal. Labor Code §§ 226 and 226.3; (6) unlawful and unfair business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*; and (7) penalties available under Cal. Labor Code §§ 2698-2699 *et seq.* Copies of all of the pleadings and papers filed in the Superior Court of San Francisco County, California, of which Diakon is aware are attached as *Exhibit A.*

2.    **Statutory Grounds for Removal.** This action is removable under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1453. 28 U.S.C. § 1441(a) provides for the removal of state court civil actions over which U.S. District Courts have original jurisdiction. As is explained in greater detail below, this Court has original jurisdiction over this case for two reasons. First, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity exists and the matter in controversy exceeds $75,000. Second, jurisdiction exists under 28 U.S.C. § 1332(d)(2) because this is a class action in which the amount in controversy exceeds $5,000,000, and Plaintiff and Diakon are citizens of different states. As such, this action is also removable pursuant to 28 U.S.C. § 1453, which provides that a class action may be removed to federal court in accordance with 28 U.S.C. § 1446.

3.    **Citizenship of the Parties.** Plaintiffs allege they are residents of the state of California, *Class Action Complaint,* ¶ 8, and they are therefore citizens of California. As Plaintiffs allege, Diakon is a Delaware corporation with its principal place of business located in Virginia. Diakon is therefore a citizen of the states of Delaware and Virginia. *See Id.*, ¶ 10. Plaintiff's naming of unidentified "Doe" defendants is irrelevant to removability. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1424 (9th Cir. 1989) (the naming of Doe defendants cannot defeat diversity jurisdiction). Thus, Plaintiffs and Diakon are citizens of different states, and the diversity requirements of both 28 U.S.C. §§ 1332(a)(1) and 1332(d)(2) are satisfied.

1      4.  **Amount in Controversy – 28 U.S.C. § 1332(a)(1).**  To the best of Diakon's

2  information and belief and without admitting that it engaged in any improper conduct, that

3  Plaintiffs' claims have any merit, or that Plaintiffs are entitled to any of the relief they request,

4  the amount in controversy in this case, exclusive of interest and costs, exceeds $75,000 by virtue

5  of Plaintiffs' individual claims.  In their fourth cause of action, Plaintiffs allege that they were

6  Diakon's employees and that they incurred various expenses for which they were entitled to

7  reimbursement from Diakon pursuant to Cal. Labor Code § 2802.  *See Class Action Complaint*,

8  ¶¶ 47-50.  The expenses for which Plaintiffs seek reimbursement in connection with this claim

9  include vehicle maintenance expenses, vehicle insurance, fuel, communication equipment,

10  liability insurance, disability insurance, expenses for property damage, and other items.  *See id.*

11  at ¶ 49.  Diakon denies that Plaintiffs were its employees and, without taking a position as to

12  what expenses Plaintiffs incurred, denies that Plaintiffs are entitled to reimbursement for any of

13  the expenses identified in the Class Action Complaint.  However, Diakon estimates that

14  transportation service providers like Plaintiffs can be expected to generate an average of between

15  approximately $136,000 and $143,000 in gross operating revenue per year and incur an average

16  of approximately $58,000 per year of the kinds of operating expenses for which Plaintiffs appear

17  to seek reimbursement.  According to Plaintiffs' Class Action Complaint, Plaintiffs provided

18  transportation services to Diakon from approximately July 2005 through approximately

19  December 2006 (Rashid) and September 2003 through March 2007 (Abdelfattah), respectively.

20  *See Class Action Complaint,* ¶ 8.  Diakon takes no position on the actual amount of operating

21  expenses Plaintiffs incurred during the period they provided services to Diakon, but estimates

22  that Plaintiffs may have incurred a total of approximately $87,000 ($58,000 over one and one-

23  half years) (Rashid) and $203,000 ($58,000 over three and one-half years) (Abdelfattah),

24  respectively, in the kind of operating expenses for which Plaintiffs seek reimbursement under

25  their fourth cause of action.  The amount in controversy accordingly exceeds $75,000 on the

26  basis of Plaintiffs' fourth cause of action alone and does not include any amounts related to the

27  remaining causes of action set out in the Class Action Complaint.  Thus, there can be no question

28  that the amount in controversy is substantially in excess of $75,000.

1    5.    **Amount in Controversy – 28 U.S.C. § 1332(d)(2).**  The collective amount in
2  controversy by virtue of the claims asserted on behalf of the putative class exceeds $5,000,000.
3  Plaintiff purports to represent a class that numbers "in the hundreds, at a minimum."  *Class*
4  *Action Complaint* at ¶ 31.  Plaintiff alleges that his claims are "typical of the claims of the Class
5  Members."  *Id.,* ¶ 34.  Diakon disputes Plaintiffs' claims on the merits, disputes that this case is
6  appropriate for class-wide treatment, and, although Diakon believes there are more than 100
7  transportation service providers that fall within Plaintiffs' class definition, Diakon takes no
8  position on the actual number of transportation service providers Plaintiffs seek to include in the
9  class.  Taking Plaintiffs' Class Action Complaint at face value and assuming there are 100 class
10 members (fewer than the "hundreds" Plaintiffs claim) with less-than-typical expense
11 reimbursement claims of $50,000 each (less than 25% of the estimated amount for which
12 Plaintiff Abdelfattah may seek reimbursement), the amount in controversy would be $5,000,000
13 on the basis of the claims set out in Plaintiffs' fourth cause of action alone.  The amounts in
14 controversy by virtue of Plaintiffs' remaining causes of action must be added to this figure.
15 Thus, Plaintiffs' allegations establish that the amount in controversy in this class action is in
16 excess of 28 U.S.C. § 1332(d)(2)'s $5,000,000 jurisdictional threshold.

17    6.    **Class Action.**  This case is a class action within the meaning of 28 U.S.C.
18 §§ 1332(d)(2) and 1453.  Those statutes provide that a class action is a civil action filed either
19 under Rule 23 of the Federal Rules of Civil Procedure or under a similar state statute or rule that
20 authorizes one or more representative persons to maintain a class action.  *Id.*  In this case,
21 Plaintiffs' Class Action Complaint expressly states (at ¶ 30) that Plaintiffs have filed it as such.
22 There are more than 100 persons falling within the class definition set out at ¶ 29 of the Class
23 Action Complaint.

24    7.    **Timeliness of Removal.**  Pursuant to 28 U.S.C. § 1446(b), a defendant must file
25 its notice of removal within 30 days of receiving a copy of the Class Action Complaint through
26 service or otherwise.  Diakon received a copy of Plaintiffs' Summons and Class Action
27 Complaint on December 27, 2007.  Thirty days from December 27, 2007 is January 26, 2007, a
28

4    Notice of Removal; Case No. _____

1   Saturday.  Diakon's notice of removal must accordingly be filed by Monday, January 28, 2007.

2   *See Fed.R.Civ.P.* 6(a); *Williams v. Leonard*, 2003 WL 163183, *1 (N.D. Cal. 2003).

3       8.      Pursuant to 28 U.S.C. § 1446(d), Diakon will promptly give written notice of the

4   removal to Plaintiffs and to the Clerk of the Superior Court of San Francisco County, California.

5   Specifically, promptly after filing this Notice of Removal, Defendants shall cause a Notice of

6   Removal to Adverse Parties and State Court Clerk, a true and correct copy of which is attached

7   hereto as *Exhibit B,* to be served on Plaintiffs and filed with the Clerk of the Superior Court of

8   San Francisco County, California.

9       9.      By filing this Notice of Removal, Defendants do not waive any defenses available

10  to them.

11      WHEREFORE, Diakon respectfully removes this case to this Court.

12  Dated:  January 25, 2008

13                                          Respectfully submitted,

14                                          **SCOPELITIS, GARVIN, LIGHT,**
                                            **HANSON & FEARY, LLC**

15

16                                          By: _____

17                                          Christopher C. McNatt Jr.

18                                          Attorney for Defendant, Diakon Logistics
                                            Inc.

19

20

21

22

23

24

25

26

27

28

1    **CERTIFICATE OF SERVICE**

2    I hereby certify that on January 24, 2008, a copy of the foregoing was mailed by first

3    class United States mail, postage prepaid, to the following:

4    Issa J. Michael, Esq.
     The Michael Law Firm
5    1648 Union Street, Suite 201
     San Francisco, California 94123
6

7

8    Christopher C. McNatt Jr.

9    SCOPELITIS, GARVIN, LIGHT,
     HANSON & FEARY, LLC
10   2 North Lake Avenue, Suite 460
     Pasadena, CA 91101
11   (626) 795-4700
     Fax: (626) 795-4790
12   cmcnatt@scopelitis.com

     h:\users\tnewton\jf\diakon\og-10610\82-by rashid\pleadings\notice of removal usdc.doc
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        6        Notice of Removal; Case No. _____ _____

1

## **<u>TABLE OF CONTENTS OF EXHIBITS</u>**

2

3   Exhibit A – Copies of Served State Court Pleadings.......................................................................8

4   Exhibit B – Notice of Removal to Adverse Parties and State Court Clerk................................._____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FILED**
San Francisco County Superior Court

DEC 2 1 2007

GORDON PARK-LI, Clerk
BY: _Deborah Steppe_
DEBORAH STEPPE, Deputy Clerk

1  Issa J. Michael, Esq. (State Bar Number 184256)
THE MICHAEL LAW FIRM
2  1648 Union Street, Suite 201
San Francisco, CA 94123
3  Telephone: (415) 447-2833
Fax: (415) 447-2834

**SUMMONS ISSUED**

4
Attorney for Plaintiffs, GHAZI RASHID and MOHAMED ABDELFATTAH, Individually, On
5  Behalf of All Others Similarly Situated, and on Behalf of the General Public

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9       IN AND FOR THE COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION
                                                 CASE MANAGEMENT CONFERENCE SET
10

11              **CGC-07-470303**                          MAY 2 3 2008  -9ᵃᵐ AM

12  GHAZI RASHID and MOHAMED          ) Case No.
ABDELFATTAH, Individually, On Behalf )
13  of All Others Similarly Situated, and On )         **DEPARTMENT 212**
Behalf of the General Public,        )
14                                    )        **CLASS ACTION**
                    Plaintiffs,       )
15                                    )        **COMPLAINT FOR COMPENSATORY**
vs.                                  )        **DAMAGES, INJUCTIVE RELIEF,**
16                                    )        **RESTITUTION AND**
DIAKON LOGISTICS, INC.; and DOES 1   )        **DISGORGEMENT OF PROFITS**
17  through 50, inclusive,            )
                                     )          1. **Failure to Pay Minimum Wages**
18                  Defendants.       )             **(Labor Code § 1194, 1197,**
                                     )             **1197.1; Cal. Code Regs. Title 8 §**
19                                    )             **11090);**
                                     )          2. **Failure to Provide Meal Breaks,**
20                                    )             **Or Compensation in Lieu**
                                     )             **Thereof (Labor Code §§ 226.7,**
21                                    )             **512; Cal. Code Regs. Title 8 §**
                                     )             **11090);**
22                                    )          3. **Failure to Provide Rest Periods,**
                                     )             **Or Compensation in Lieu**
23                                    )             **Thereof (Labor Code § 226.7;**
                                     )             **Cal. Code Regs. Title 8 § 11090);**
24                                    )          4. **Failure to Reimburse for**
                                     )             **Reasonable Business Expenses**
25                                    )             **(Labor Code § 2802);**
                                     )          5. **Failure to Provide Properly**
26                                    )             **Itemized Wage Statements**
                                     )             **(Labor Code § 226, 226.3);**
27                                    )          6. **Unlawful and Unfair Business**
                                     )             **Practices (Business and**
28                                    )             **Professions Code § 17200 et seq.);**

                                    – 1 –
     COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND
                           DISGORGEMENT OF PROFITS

Ex A
9

1 )
2 )    7.  **Labor Code Private Attorney**
3 )       **General Act of 2004 (Labor Code**
4 )       **§§ 2698-2699)**
5 )    **JURY TRIAL DEMANDED**
6 )
7 )

8    Plaintiffs' GHAZI RAHID and MOHAMED ABDELFATTAH ("Plaintiffs'), on behalf of

9    themselves, all others similarly situated, and on behalf of the general public, allege as follows:

10                          **I.**

11                 **INTRODUCTION**

12    1.    This is a class action brought on behalf of a Plaintiffs class of delivery truck drivers

13  currently and formerly employed by Defendant DIAKON LOGISTICS,  INC. ("Defendant")

14  within the State of California. For at least four years prior to the filing of this action and through

15  the present, Plaintiffs are informed and believe that Defendant has violated the California Labor

16  Code and applicable California Wage Orders by improperly categorizing Class Members,

17  including Plaintiffs, as independent contractors when they are, in fact, employees.

18    2.  Plaintiffs, on their own behalf and on behalf of all Class Members, bring this action

19  pursuant to Labor Code § 218, 221, 223, 226, 226.3, 226.7, 512, 1174, 1194, 1197, 1197.1, and

20  California Wage Order No. 9-200 I (Cal. Code Reg., Title 8, § 11090), seeking unpaid minimum

21  wages, unpaid rest break and meal period compensation, reimbursement of all illegal deductions

22  made from their wages, payment of all wages earned, reimbursement of expenses and losses

23  incurred by them in discharging their duties, and reasonable attorneys' fees and costs.

24    3.    Plaintiffs, on their own behalf and on behalf of all Class Members and the General

25  Public, also bring this action pursuant to Business & Professions Code § 17200-17208, seeking

26  injunctive relief restitution, and disgorgement of profits due to Defendant's unlawful violations

27  of the Labor Code.

28

Ex 4
10

## II.

## JURISDICTION AND VENUE

4.   Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

5.   This Court has jurisdiction over all causes of action asserted herein as the claims and issues in controversy are between a Plaintiff Class of California-based employees and a Defendant corporation, authorized to do business and doing business in the State of California and in this County.

6.   Venue as to each Defendant is proper.  Defendants' actionable and unlawful employment practices complained herein as to the named Plaintiffs and others occurred in the County of San Francisco, State of California. As a result, a substantial part of the events or omissions giving rise to Plaintiff's class claims occurred in San Francisco County.

## III.

## PARTIES

7.   Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

8.   Plaintiffs GHAZI RASHID and MOHAMED ABDELFATTAH are competent adults who reside in the County of Sacramento, State of California.  From their date of hire, at or around July  2005 (RASHID) and September 2003 (ABDELFATTAH) until their termination on or about December 2006 (RASHID) and March 2007 (ABDELFATTAH), Plaintiffs had been employed as delivery truck drivers by Defendant DIAKON LOGISTICS, INC. in the County of Sacramento, State of California.

9.   Plaintiffs will adequately represent the interests of the Class and will vigorously participate in this matter as a Class Action when certified. Plaintiffs have secured counsel experienced in class action litigation and will likewise adequately represent the Class.

10.   Plaintiffs are informed and believe that Defendant DIAKON LOGISTICS, INC. is a foreign corporation incorporated under the laws of the State of Delaware and has its principal

-3-

COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND
DISGORGEMENT OF PROFITS

Ex A
11

1  place of business in the State of Virginia. At all times mentioned herein, Defendant was
2  authorized to business and doing business in the State of California. According to Defendant's
3  website, www.diakonlogistics.com, Defendant is *"one of the largest national warehousing,*
4  *logistics, and home delivery companies in the US... operating in 26 states...serv[ing] some of the*
5  *largest retailers in the country, including Sears; General Electric; Home Depot, and Ethan*
6  *Allen."*
7      11.    Plaintiffs do not know the true names and capacities of Defendants sued herein as
8  DOES 1 through 50, inclusive, and will amend this Complaint to set forth the true names and
9  capacities of said defendants, along with the appropriate charging allegations when the same
10 have been ascertained.
11     12.    Plaintiffs are informed and believe, and on that basis allege, that each of the
12 fictitiously named Defendants was in some manner legally responsible for the actionable and
13 unlawful actions, policies and practices as alleged herein. Plaintiffs will amend this Complaint to
14 set forth the true names and capacities of said Defendants, along with the appropriate charging
15 allegations, when the same have been ascertained.
16     13.    Plaintiffs are informed and believe, and thereon allege, that at all times mentioned
17 herein, all Defendants, and each of them, were acting as the agent and/or employee of each
18 remaining co-Defendant, and were acting with permission and consent of each other, carried out
19 a joint scheme, business plan, or policy in all respects pertinent to the present action, and within
20 the course and scope of said agency and/or employment. Plaintiffs are further informed and
21 believe that each co-defendant, by and through its officers, directors or managing agents ratified,
22 authorized and approved, expressly or implicitly, all of the conduct alleged herein.
23     14.    When, in this Complaint, reference is made to any act of the "Defendant," such shall
24 be deemed to mean that officers, directors, agents, employees, or representatives of the
25 Defendants committed or authorized such acts, or failed and omitted to adequately supervise or
26 properly control or direct their employees while engaged in the management, direction, operation
27 or control of the affairs of the Defendants and did so while acting within the scope of their
28 employment or agency. When, in this Complaint, reference is made to any act by a "Defendant,"

-4-
COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND
DISGORGEMENT OF PROFITS

Ex 4
12

1  such allegations and reference shall also be deemed to mean the acts and failures to act of each

2  Defendant acting individually, jointly and severally.

3     15.    Plaintiffs are informed and believe, and thereon allege, that during the applicable

4  statutory period, Defendant employed Plaintiffs and other similarly situated persons as non-

5  exempt employees within California. Plaintiffs are further informed and believe that Defendant

6  directly or indirectly exercised control over the wages, hours and/or working conditions of said

7  employees, including Plaintiffs.

8

9                                                IV.

10                               **FACTUAL BACKGROUND**

11     16.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above

12  Paragraphs.

13     17.    Defendant is a national leader in the home delivery industry. According to its

14  website www.diakonlogistics.com, Defendant specializes in the delivery of *"retailers' larger*

15  *merchandise from their warehouses or other facilities to customers' homes, expert unpacking*

16  *and setup, and personalized customer care...We specialize in delivering retailers' larger*

17  *merchandise from their warehouses or other facilities to customers' homes, expert unpacking*

18  *and setup, and personalized customer care."*

19     18.    Defendant organizes the delivery of its retail customers' larger merchandise,

20  including furniture and home appliances, by maintaining common distribution facilities located

21  in Sacramento County. Class Members, including Plaintiffs, perform significant work on sites

22  owned and controlled by Defendant. Furthermore, the delivery trucks driven by Class Members,

23  including Plaintiffs are leased by Defendant.

24     19.    Class Members, including Plaintiffs, cannot drive Defendant's delivery trucks

25  independently of deliveries scheduled by Defendant. All deliveries performed by Class

26  Members, including Plaintiffs are pre-arranged and scheduled by Defendant. Class Members are

27  assigned to one of four pre-determined delivery zones on a daily basis and without input by Class

28

-5-
COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND
DISGORGEMENT OF PROFITS

1   Members, Defendant admits on its website, www.diakonlogistics.com, that Class Members,

2   including Plaintiffs are required to deliver products solely for Defendant's retail customers:

3   "Because we do not co—load other companies products on our trucks, we're able to serve as our

4
5   clients' dedicated *delivery channel.*" Additionally, Defendant requires Class Members, including

6   Plaintiffs, to complete daily sign in/sign out time records, or "Check In" sheets, and requires

7   Class Members, including Plaintiffs, to work a minimum of eight hours per day.

8       20.    Defendant utilizes advanced technology and computerized tracking system to

9   closely monitor the work of Class Members, including Plaintiffs and to communicate with Class

10  Members, including Plaintiffs, at all times. As admitted by Defendant on its website,

11  www.diakonlogistics.com, "What's more, our highly effective routing technology and cellular
12
    *communication network ensures on-time delivery and customer satisfaction, while our*
13
14  *proprietary tracking system allows us to keep clients apprised as to the location and expected*

15  *delivery time of each piece of merchandise.*"

16      21.    There is a lack of investment in independent equipment by Class Members,

17  including Plaintiffs, and a relatively low degree of skill is required to perform Class Members,

18  including Plaintiffs, routine and manual delivery duties.

19      22.    Defendant's officers, managing agents and supervisors closely monitor the work of

20  Class Members, including Plaintiffs, and hold weekly employee meetings to discuss how Class

21  Members are to perform their work for Defendant. Additionally, Class Members, including

22  Plaintiffs are required to maintain regular contact with Defendant's employees throughout the

23  course and scope of their daily work shifts for Defendant, including route assignments, start

24  times, completion times, performance analysis and assessment of customer complaints.

25      23.    The delivery of large merchandise by Class Members, including Plaintiffs is an

26  integral part of the business enterprise of Defendant.

27      24.    The economic realties of Class Members', including Plaintiffs', relationship with

28

-6-

COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND
DISGORGEMENT OF PROFITS

E x A
14

1 Defendant establishes that Class Members, including Plaintiffs, under conventional, legal and

2 economic tests, are now and have been employees of Defendant and not independent contractors,

3     25.    At all relevant times, Defendant has exercised control over the performance of

4 Class Members' work duties, including Plaintiffs' work duties. At all relevant times, Defendant

5 has also exercised control over Class Members', including Plaintiffs', wages, work hours and

6 working conditions.

7     26.    Because Class Members, including Plaintiffs are employees and not independent

8 contractors, numerous California Labor Code violations have occurred over the past four years

9 and are occurring on an ongoing basis, including failure to provide minimum wages, meal

10 breaks, rest periods, proper payroll withholding treatment, and the other protections of Labor

11 Code § § 221 and 2801, all of which Class Members, including Plaintiffs, are entitled to as valid

12 non-exempt employees under California law.

13

14 **V.**

15 **CLASS ALLEGATIONS**

16     27.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above

17 Paragraphs.

18

19     28.    Plaintiffs bring this action on behalf of themselves and all others similarly situated

20 as a class action. The Class is composed of and defined as follows:

21       **All persons presently and formerly employed by Defendant in the State of California as delivery personnel during the Class**

22       **Period who were subject to the "Service Agreement" (or similar document), which categorized them as independent contractors**

23       **and not employees (hereinafter, "the CLASS.").**

24     29.    Plaintiffs reserve the right to amend or modify the aforementioned class description

25 with greater specificity or division into subclasses or limitation to particular issues.

26     30.    This action has been brought and may be properly maintained as a class action

27 because there is a well-defined community of interest in the litigation and the proposed class is

28 easily ascertainable.

-7-
COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND DISGORGEMENT OF PROFITS

Ex A
15

A.    **Numerosity**

31.    The members of the Class, as defined above, are so numerous that individual joinder of all members is impractical. While the exact number of Class Members is current unknown, Plaintiff is informed and believes that they number in the hundreds.

B.    **Common Questions Predominate**

32.    Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions that affect individual members of the Class. The common questions of fact include, but are not limited to:

(a)    Defendant requires each individual to execute a pre-printed document captioned, "Service Agreement."

(b)    Defendant requires Class Members, including Plaintiffs, to perform a significant percentage of their work duties driving vehicles leased and controlled by Defendant.

(c)    Defendant trains and instructs Class Members, including Plaintiffs, on how to load and unload retail merchandise and how to deliver retail merchandise using delivery trucks leased and controlled by Defendant.

(d)    Defendant reviews, supervises and monitors the work duties performed by Class Members, including Plaintiffs, through routing technology, tracking system and cellular communication network owned and operated by Defendant.

(e)    The degree of skill performed by Class Members, including Plaintiffs is relatively low.

(f)    Class Members, including Plaintiffs, are paid bi-monthly, according to an existing formula established by Defendant.

(g)    The relationship between Defendant and Class Members, including Plaintiffs, is exclusive in that Class Members, including Plaintiffs, cannot drive Defendant's delivery trucks independently of deliveries scheduled by Defendant.

- 8 -

COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND DISGORGEMENT OF PROFITS

Ex A
16

(h) The relationship between Defendant and Class Members, including Plaintiffs is relatively permanent with many Class Members, including Plaintiff, working more than four years.

(i) The delivery of large merchandise by Class Members, including Plaintiffs is an integral part of the business enterprise of Defendant,

(j) All deliveries performed by Class Members, including Plaintiffs, are pre-arranged and scheduled by Defendant.

(k) Class Members, including Plaintiffs, are required to deliver products solely for Defendant's retail customers,

(l) Defendant requires Class Members, including Plaintiffs, to complete daily sign in/sign out time records, or "Check In" sheets,

(m) Defendant requires Class Members, including Plaintiffs, to work a minimum of eight hours per day.

(n) Class Members cannot refuse certain deliveries

33. Common questions of law that exist include the following:

(a) Whether Class Members are properly categorized as independent contractors.

(b) Whether Defendant exercises control, directly or indirectly, over Class Members' wages.

(c) Whether Defendant exercises control, directly or indirectly, over Class Members' work hours.

(d) Whether Defendant exercises control, directly or indirectly, over Class Members' working conditions.

(e) Whether Class Members are entitled to compensatory damages for violations of the Labor Code as set forth herein.

(f) Whether Class Members are entitled to reimbursement of work related expenses for violations of the Labor Code as set forth

-9-

COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND DISGORGEMENT OF PROFITS

herein.

(g)  Whether Class Members are entitled to attorneys' fees and
litigation costs for violations of the Labor Code as set forth herein.

(h)  Whether Class Members are entitled to restitution for the unlawful
business practices as set forth herein.

(i)  Whether Class Members are entitled to injunctive relief to enjoin
further unlawful business practices as those set forth herein.

(j)  Whether Class Members are entitled to disgorgement of profits for
the unlawful business practices as set forth herein.

C.  **Typicality**

34.  Plaintiffs' claims are typical of the claims of the Class Members in that Plaintiffs
and the Class Members performed identical duties for Defendant and were uniformly mis-
classified as independent contractors rather than properly classified as employees. Additionally,
Plaintiffs and all Class Members sustained similar damage arising out of Defendant's common
course of conduct, which is in violation of laws and regulations governing the compensation of
all California employees.

D.  **Adequacy of Representation**

35.  Plaintiffs will fairly and adequately represent and protect the interests of members of
the Class. Plaintiff has no interests adverse to the interests of the other Class Members. Proposed
class counsel, The Michael Law Firm, are competent and experienced in litigation and will serve
as adequate class counsel.

E.  **Superiority of Class Action**

36.  The nature of this action and the nature of the laws available to Plaintiffs make the
use of the class action format a particularly effective and appropriate procedure to afford relief to
Plaintiffs for the wrongs alleged herein:

a.  This case involves a small number of large corporate Defendants and a large
number of individual class members with common issues of law and fact;

b.  If each individual member of the CLASS was required to file an individual

- 10 -
**COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND
DISGORGEMENT OF PROFITS**

1    lawsuit, the large corporate Defendants would necessarily gain an
2    unconscionable advantage because Defendants would be able to exploit and
3    overwhelm the limited resources of each member of the CLASS with
4    Defendants' vastly superior financial and legal resources;

5    c.    Requiring each individual member of the CLASS to pursue an individual
6          remedy would also discourage the assertion of lawful claims by the
7          members of the CLASS who would be disinclined to pursue an action
8          against Defendants because of an appreciable and justifiable fear of
9          retaliation and permanent damage to their lives, careers and well being;

10   d.    Proof of a common business practice or factual pattern, of which the
11         members of the CLASS experienced, is representative of the CLASS herein
12         and will establish the right of each of the members of the CLASS to recover
          on the causes of action alleged herein;
13
14   e.    The prosecution of separate actions by the individual members of the
15         CLASS, even if possible, would create a substantial risk of inconsistent and
16         varying verdicts or adjudications with respect to the individual members of
17         the CLASS against Defendants, which would establish potentially
18         incompatible standards of conduct for Defendants and/or legal
19         determinations with respect to individual members of the CLASS.
          Furthermore, the cost to the Court system of adjudication of each individual
20        claim would be substantial.
21
22   f.    An important public interest will be served by addressing the present wage
23         and hour suit as a class action, ("The prompt payment of wages due an
24         employee is a fundamental policy of this state." *Be/aire-West Landscaping,
           Inc. v. Superior Court* (2007) 149 Cal, App. 4th *554, 562*.)
25
26
27
28

─────────────────────────────────────────
- 11 -
**COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND
DISGORGEMENT OF PROFITS**

Ex A
19

## FIRST CAUSE OF ACTION

### (Against All Defendants on Behalf of Plaintiffs and the CLASS)

### Failure to Pay Minimum Wages
### (Labor Code § 1194, 1197, 1197.1)

37.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

38.    During the applicable statutory period, Defendant has maintained a consistent policy of failing to pay minimum wages to Class Members, including Plaintiffs, in violation of California's strict wage and hour laws.

39.    As a proximate result of the unlawful acts of Defendant, Plaintiffs and the Class Members have been damaged in an amount according to proof at the time of trial, and are entitled to recovery of such amount, plus interest thereon, and attorneys' fees and costs pursuant to Labor Code 94 and 1197.1.

## SECOND CAUSE OF ACTION

### (Against All Defendants on Behalf of Plaintiffs and the CLASS)

### Failure to Provide Proper Meal Breaks, or Compensation in Lieu Thereof (Labor Code § 226.7, 512; Cal. Code Regs. Title 8 § 11090 sections 7 & 11)

40.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

41.    By its failure to provide Plaintiffs and Class Members with 30-minute meal breaks for each work shift during which they worked in excess of five hours, and by its failure to provide in lieu compensation, Defendant has violated the provisions of Labor Code § 226.7 and 512, and the Title 8 CCR § 11010.

42.    By failing to keep time records of meal breaks, as requires by Title 8 CCR § 11010, Defendant has failed to satisfy the requirements of California's strict meal break laws and regulations.

43.    As a proximate result of Defendant's unlawful acts, Plaintiffs and the Class

- 12 -
COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND
DISGORGEMENT OF PROFITS

Ex A
20

1    Members has been deprived of state-mandated meal breaks and are each entitled to one hours'
2    pay per day at the regular rate of pay for each such violation as set forth in Labor Code § 226.7
3    and Title 8 CCR § 11090, plus interest thereon, attorneys' fees and costs.
4
                          **THIRD CAUSE OF ACTION**
5                   **(Against All Defendants on Behalf of Plaintiffs and the CLASS)**
6
              **Failure to Provide Proper Rest Periods, or Compensation in Lieu Thereof**
7              **(Labor Code § 226.7; Cal. Code Regs, Title 8 § 11090 section 12)**

8        44.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above
9    Paragraphs.

10        45.    By its failure to provide Plaintiffs and Class Members with 10-minute rest periods
11    for every four hours of work, and by its failure to provide in lieu compensation, Defendant has
12    violated the provisions of Labor Code § 226.7 and Title 8 CCR § 11010.
13
          46.    As a proximate result of Defendant's unlawful acts, Plaintiffs and the Class
14
15    Members have been deprived of state-mandated rest periods and are each entitled to one hours'
16    pay per day at the regular rate of pay for each such violation as set forth in Labor Code § 226.7
17    and Title 8 CCR § 11090, plus interest thereon, attorneys' fees and costs.

18                          **FOURTH CAUSE OF ACTION**
19                   **(Against All Defendants on Behalf of Plaintiffs and the CLASS)**
20
              **Failure to Reimburse for Reasonable Business Expenses**
21              **(Labor Code § 2802; Cal. Code Regs. Title 8 § 11090 sections 8 & 9)**

22        47.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above
23    Paragraphs.

24        48.    Labor Code Section 2802 provides that an employer shall indemnify his or her
25    employee for all necessary expenditures or losses incurred by the employee in direct
26    consequence of the discharge of his or her duties, or of his or her obedience to the directions of
27    the employer. Title 8 CCR §11090(8) provides that "No employer shall make any deduction
28    from the wage or require any reimbursement from an employee for any cash shortage, breakage,

- 13 -
COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND
DISORGEMENT OF PROFITS

Ex A
21

1  or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a

2  dishonest or willful act, or by the gross negligence of the employee."

3      49.      During the applicable statutory period, Plaintiffs and the Class Members incurred

4  necessary expenditures and losses in direct consequence of the discharge of their employment

5  duties and their obedience to the directions of Defendant, including but not limited to:

6
7          (a)      Plaintiffs and the Class Members have been required to make a deposit of
8                   approximately $2,500.00 for use of delivery trucks used to perform home
                    delivery services for Defendant.

9          (b)      Plaintiffs and the Class Members have necessarily incurred expenditures for
10                  gasoline, maintenance, repairs and insurance in connection with their
11                  operation of delivery trucks used to perform home delivery services for
12                  Defendant, Plaintiff is informed and believes that none of these
13                  expenditures or losses were reimbursed by Defendant to Plaintiffs and Class
14                  Members.

15         (c)      Plaintiffs and the Class Members have necessarily incurred expenditures in
16                  connection with cell phones used to communicate with Defendant in order to
17                  perform home delivery services for Defendant, Plaintiff is informed and
18                  believes that none of these expenditures or losses were reimbursed by
19                  Defendant to Plaintiffs and Class Members.

20
21         (d)      Plaintiffs and Class Members have been required to purchase and contribute
22                  to general liability insurance, automobile and disability insurance to cover
23                  accidental injury to them during the course and scope of their employment
24                  with Defendant, which constitutes workers' compensation insurance. Said
25                  deductions have violated Labor Code § 3751(a). Plaintiffs are informed and
26                  believe that none of these expenditures or losses were reimbursed by
27                  Defendant to Plaintiffs and Class Members.

28         (e)      Defendant has routinely made deduction from Plaintiffs' and Class

- 14 -
COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND
DISGORGEMENT OF PROFITS

Ex A
22

Members' wages for purported damage to property during the course and

scope of their employment with Defendant. Defendant has made said

deductions as part of a wrongful attempt to make Plaintiffs and Class

Members insurers of Defendant's customers' merchandise, which purpose is

prohibited by California law. Said deductions were made by Defendant as

part of a deliberate subterfuge that has been designed, constructed,

implemented and administered to circumvent the clear prohibitions of

California case law and Title 8 CCR § 11090.

50.     Plaintiffs are informed and believe that pursuant to California Labor Code § 2802 and Title 8 CCR § 11090(8) & (9), Plaintiffs and Class Members are entitled to recover their un-reimbursed expenditures and losses, interest thereon and attorneys' fees and costs, in amounts to be proven at trial.

**FIFTH CAUSE OF ACTION**
**(Against All Defendants on Behalf of Plaintiffs and the CLASS)**

**Failure to Provide Properly Itemized Wage Statements**
**(Labor Code § 226 and 226.3; Cal. Code Regs. Title 8 § 11090 sections 7)**

51.     Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

52.     Labor Code Section 226 requires an employer to keep accurate, itemized pay statements. Under California law, gross wages earned, the precise, actual number of hours and minutes worked by a non-exempt employee, all deductions, net wages earned, inclusive dates of the pay period, the name of the employee, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period must be accurately itemized on each pay statement. Furthermore, the deductions made from payment of wages must be recorded, properly dated, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central

- 15 -
COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND
DISGORGEMENT OF PROFITS

1  location within the State of California.

2      53.    During the applicable statutory period, Defendant has routinely failed to provide

3  Class Members, including Plaintiffs, at the time of each payment of wages, an itemized

4  statement in writing showing the requirements of Labor Code § 226 and section 7 of Title 8 CCR

5  §1 1090. Defendant's failure to provide itemized statements to Class Members, including

6  Plaintiffs, has been knowing and intentional and was in clear violation of Labor Code § 226(a).

7  In direct violation of California law, Defendant has refused to provide Class Members, including

8  Plaintiffs with any record or documentation of expenses deducted from Class Members'

9  earnings.

10  

11      54.    Plaintiffs and the Class Members have suffered injuries as a result of the knowing

12  and intentional failure of Defendant to comply with Labor Code § 226(a) and Title 8 CCR §

13  11090(7), in that Defendant's failure to provide Class Members with an itemized wage statement

14  made it impossible for Plaintiffs and the Class Members to be aware that unlawful deductions

15  were being made from their earnings, that they were not being paid all wages earned, and that in

16  certain instances their wages fell below the statutory hourly minimum wage and overtime wage

17  rates.

18      55.    Plaintiffs are informed and believe, and thereon allege, that Defendant's knowing

19  and intentional failure to furnish Plaintiffs and the Class Members with itemized wage

20  statements, as alleged above, violated Labor Code § 226(a), as well as Title 8 CCR § 11090(7).

21  Labor Code § 226(e) entitles Plaintiffs and the Class Members to recover the greater of their

22  actual damages caused by Defendant's violations, or $50 per employee for the initial pay period

23  in which the violation occurred, and $100 per employee for each violation in subsequent pay

24  periods, not exceeding an aggregate penalty of $4,000 per employee.

25  **SIXTH CAUSE OF ACTION**

26  **(Against All Defendants on Behalf of Plaintiffs, the CLASS and the General Public)**

27  **Unlawful and Unfair Business Practices**

28  **(Business & Professions Code § 17200 et seq.)**

- 16 -

COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND<br/>DISGORGEMENT OF PROFITS

Ex A<br/>24

56.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above Paragraphs.

57.    California Business & Professions Code § 17200 defines unfair competition to include "unlawful, unfair or fraudulent business practices."

58.    California Business & Professions Code § 17203 provides that "[t]he court may make such orders or judgments. . . as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore any person in interest any money or property, real or personal, which may have been acquired by means of unfair competition."

59.    California Business & Professions Code § 17204 provides for suits for injunctive relief, restitution and disgorgement of profits.

60.    Within each of the four years prior to the commencement of this action, Plaintiffs are informed and believes, and thereon alleges, that Defendant has unlawfully failed to pay minimum wages to Class Members, including Plaintiffs, in violation of Labor Code §§ 1194, 1197 and 1197.1; unlawfully failed to provide meal breaks, or compensation in lieu thereof, to Class Members, including Plaintiffs in violation of Labor Code §§ 226.7 and 512; unlawfully failed to provide rest periods, or compensation in lieu thereof, to Class Members, including Plaintiffs, in violation of Labor Code § 226.7; unlawfully failed to reimburse Class Members, including Plaintiffs, for reasonable business expenditures in violation of Labor Code § 2802; and unlawfully failed to provide properly itemized wage statements to Class Members, including Plaintiffs, in violation of Labor Code § 226.

61.    By committing the alleged acts and/or omissions as described in this Complaint, Defendant has engaged, and continues to engage, in unlawful and/or unfair business practices within the meaning of California Business & Professions Code § 17200 et seq.

62.    Plaintiffs allege, on the basis of information and belief that as a result of Defendant's alleged acts and/or omissions as described in this Complaint, Defendants has unlawfully and unfairly obtained wages, expenditures, earnings and other compensation due to members of the CLASS, including Plaintiffs, and has unlawfully earned profits from such

-17-
COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND
DISGORGEMENT OF PROFITS

Ex A
25

1   unlawful and/or unfair business practices.

2      63.    A request for injunctive relief, restitution and for the disgorgement of unlawfully

3   earned profits is specifically authorized by California Business & Professions Code § 17200 *et

4   seq.* Thus, on behalf of themselves, members of the CLASS, and on behalf of the general public,

5   Plaintiffs seek injunctive relief restitution (to members of the CLASS, including Plaintiffs) of all

6   unlawfully withheld funds, and the disgorgement of all unlawfully earned profits (to members

7   CLASS, including Plaintiffs) obtained by Defendant as a result of Defendant's alleged acts

8   and/or omissions as described in this Complaint.

9      64.    Plaintiffs are informed and believe, and thereon allege, that unless restrained and

10  ordered to pay restitution and disgorge profits derived from said unfair and unlawful business

11  practices, Defendant will continue to engage in the alleged acts and/or omissions as described in

12  this Complaint. In addition, unless the Court imposes an injunction against Defendant requiring

13  Defendant to stop making illegal deductions, pay all legal hourly and overtime wages, reimburse

14  for necessary expenditures and losses, and provide state-mandated meal breaks, rest periods and

15  itemized wage statements, the members of the CLASS, including Plaintiffs, will continue to

16  suffer irreparable harm.

17

18                          **SEVENTH CAUSE OF ACTION**

19      **(Labor Code Private Attorneys General Act of 2004: Labor Code § 2698 et seq.)**

20      **(On Behalf of Plaintiffs, the State of California and All Other Aggrieved Employees)**

21      65.    Plaintiffs reallege by reference, as if fully set forth herein, all of the above

22  Paragraphs.

23      66.    Plaintiffs are informed and believe, and thereon allege, as set forth herein,

    Defendant has violated, and continues to violate, several provisions of the California Labor

24  Code, including but not limited to:

25      i.     Section 226 (Failure to Keep Adequate Records);

26      ii.    Section 226.7 (Failure to Compensate for Missed Meal Break);

27      iii,   Section 226.7 (Failure to Compensate for Missed Rest Periods);

28

                                    - 18 -
        COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND
                          DISGORGEMENT OF PROFITS

iv.    Section 512 (Failure to Provide Meal Breaks);

v.    Section 1174 (Failure to Maintain Accurate Time Records);

vi.    Section 1194 (Failure to Pay Minimum Wages);

vii.    Section 1197 (Minimum Wage Violations);

viii.    Section 1197.1 (Failure to Pay Minimum Wages);

ix.    Section 2802 (Indemnification of Employees for Work-Related Expenditures).

67.    Pursuant to Labor Code Section 2699, Plaintiffs bring this cause of action on behalf of themselves, the State of California and all other current or former employees of Defendant against whom one or more of the alleged violations was committed and/or is being committed ("aggrieved employees," as defined by Section 2699(c)).

68.    Pursuant to Labor Code Section 2699, Plaintiffs seek to recover from Defendant civil penalties for each Labor Code violation, to be calculated at the rate at which the civil penalty is to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees.

69.    Pursuant to Labor Code Section 2699, for all provisions of the California Labor Code that do not specifically provide for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, Plaintiffs seek to recover from Defendant civil penalties for each Labor Code violation at the following rate: one hundred dollar ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

70.    Pursuant to Section 2699, Plaintiffs seek an award of reasonable attorney's fees and costs for bringing this cause of action on behalf of himself and other past and present employees of Defendant against whom one or more of the alleged violations was committed,

71.    Plaintiffs are informed and believe that, in compliance with Section 2699.3, Defendants and the California Labor & Workforce Development Agency ("LWDA") were provided with prior written notice of the specific provisions of the Labor Code alleged to have

- 19 -
COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND
DISGORGEMENT OF PROFITS

Ex A
27

1  been violated by Defendant, and the facts and theories to support the allegations.

2      72.    Plaintiffs are informed and believe that, on or about August 16, 2007, the LWDA

3  notified Defendant in writing that it did not intend to investigate the alleged violations, as

4  asserted herein now by Plaintiffs, and which had been previously asserted by similarly situated

5  Class Members.

6      73.    Pursuant to Section 2699.3(a)(2)(A), Plaintiffs may commence a civil action against

7  Defendants for civil penalties on behalf of other aggrieved employees and on behalf of the State

8  of California.

9      74.    Pursuant to Section 2699.3(a)(2)(C), Plaintiffs may as a matter of right, without

10  leave of court, amend their original complaint to add this Seventh Cause of Action under the

11  Labor Code Private Attorneys General Act of 2004.

12  **PRAYER FOR RELIEF**

13      WHEREFORE, PLAINTIFFS, on behalf of themselves and all others similarly

14  situated, and on behalf of the general public, pray for judgment as follows:

15      1.    That the Court issue an Order certifying the CLASS herein, appointing the named

16  Plaintiffs as representative of all others similarly situated and appointing the law firms

17  representing the named Plaintiffs as counsel for members of the CLASS;

18  As to the First Cause of Action for Minimum Wages, on Behalf of the CLASS

19      2.    For compensatory damages according to proof, including all wages due and owing

20  as a result of Defendant's failure to pay minimum wages to members of the CLASS;

21      3.    For pre-judgment interest at the legal rate pursuant to Civil Code Section 3289 and

22  Labor Code Section 1194;

23      4.    For attorneys' fees and costs pursuant to Labor Code Section 1194, or as otherwise

24  permitted by statute;

25      5.    For such other and further relief as the court deems just and proper;

  As to the Second Cause of Action for Failure to Provide Meal Breaks, Or Compensation in Lieu

26  Thereof on Behalf of the CLASS

27      6.    For compensatory damages in the form of additional wages equal to one hour's

28  regular pay for each member of the CLASS for each work shift in which such member worked

- 20 -

COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND
DISGORGEMENT OF PROFITS

Ex A
28

1  | five or more hours without being provided with the required meal period;

2  | 7.  For pre-judgment interest at the legal rate pursuant to Civil Code Section 3289 and

3  | Labor Code Section 218.6.

4  | 8.  For attorneys' fees and costs pursuant to Labor Code Section 218.5, or as otherwise
permitted by statute;

5  | 9.  For such other and further relief as the court deems just and proper;

6  | As to the Third Cause of Action for Failure to Provide Meal Breaks. Or Compensation in Lieu

7  | Thereof on Behalf of the CLASS

8  | 10.  For compensatory damages in the form of additional wages equal to one hour's

9  | regular pay for each member of the CLASS for each work period in which such member worked

10 | four hours without being provided with the required rest period;

11 | 11.  For pre-judgment interest at the legal rate pursuant to Civil Code Section 3289 and

12 | Labor Code Section 218.6;

13 | 12.  For attorneys' fees and costs pursuant to Labor Code Section 218.5, or as otherwise

14 | permitted by statute;

15 | 13.  For such other and further relief as the court deems just and proper;

16 | As to the Fourth Cause of Action for Indemnification of Employees for Expenditures or Losses

17 | in Discharge of Duties or Obedience to Directions on Behalf of the CLASS

18 | 14.  For compensatory damages according to proof, including but not limited to
expenditures, losses, lost wages, earnings and other employee benefits and all other sums of

19 | money owed to each member of the CLASS incurred during the proper discharge of their duties

20 | for Defendant, or during the course and scope of their employment for Defendant,

21 | 15.  For pre-judgment interest at the legal rate pursuant to Civil Code Section 3289 and

22 | Labor Code Section 218.6;

23 | 16.  For attorneys' fees and costs pursuant to Labor Code Section 218.5, Labor Code §

24 | 2802, or as otherwise permitted by statute;

25 | 17.  For such other and further relief as the court deems just and proper;

26 | As to the Fifth Cause of Action for Improperly Itemized Wage Statements on Behalf of the

27 | CLASS

28 | 18.  For compensatory damages or minimum statutory damages of $50 for the first

-21--
COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND
DISGORGEMENT OF PROFITS

E x A
29

1  violation and $100 for each subsequent violation pursuant to Labor Code Section 226(e);

2      19.    For pre-judgment interest at the legal rate pursuant to Civil Code Section 3289 and

3  Labor Code Section 226(e);

4      20.    For attorneys' fees and costs pursuant to Labor Code Section 226(e), or as

5  otherwise permitted by statute;

6      21.    For such other and further relief as the court deems just and proper;

7  As to the Sixth Cause of Action for Unlawful and Unfair Business Practices on Behalf of the

8  CLASS and the General Public

9      22.    For an Order requiring Defendant to identifier each of the members of the CLASS

10  by name, home address and home telephone number;

11      23.    For an Order compelling Defendant to restore unpaid wages, earnings,

12  expenditures, compensation and other related benefits (in the form of restitution) to each of the

13  members of the CLASS who have suffered as a result of Defendant's unlawful and unfair

14  business practices alleged herein;

15      24.    For an order compelling Defendant to disgorge and pay over to each of the

16  members of the CLASS all profits and savings resulting from Defendant's unlawful and unfair

17  business practices alleged herein;

18      25.    For issuance of a permanent injunction enjoining Defendant from continuing to

19  engage in the unlawful and unfair business practices alleged herein;

20      26.    For interest at the legal rate pursuant to Civil Code Section 3289, Labor Code
section 1194 and Labor Code Section 218.6;

21      27.    For attorneys' fees and costs pursuant to Labor Code Section 218.5, Labor Code

22  Section 1194, Code of Civil Procedure Section 1021.5 and as otherwise permitted by statute;

23      28.    For such other and further relief as the court deems just and proper;

24  As to the Seventh Cause of Action for Labor Code Private Attorneys General Act of 2004 on

25  Behalf of PLAINTIFF, all Aggrieved Employees and the State of California

26      29.    For civil penalties, according to the method of calculations and distribution set
forth in Labor Code Section 2699;

27      30.    For attorneys' fees pursuant to Labor Code Section 2699 or as otherwise

28  permitted by statute;

- 22 -
COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND
DISGORGEMENT OF PROFITS

Ex A
30

1    31.    For costs of suit incurred herein;

2    32.    For such other and further relief as the court deems just and proper.

3

4    DATED: December 20, 2007                    THE MICHAEL LAW FIRM

5

6                                               By

7                                                    Issa J. Michael, Esq.

8                                                    Attorney for Plaintiffs
                                                     GHAZI RASHID and

9                                                    MOHAMED ABDELFATTAH,
                                                     Individually, On Behalf of All

10                                                   Others Similarly Situated, and on
                                                     Behalf of the General Public

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 23 -

COMPLAINT FOR COMPENSATORY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION AND
DISGORGEMENT OF PROFITS

**<u>EXHIBIT B</u>**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  Christopher C. McNatt, Jr.
   Cal. Bar No. 174559
2  SCOPELITIS, GARVIN, LIGHT,
   HANSON & FEARY, LLC
3  2 North Lake Avenue, Suite 460
   Pasadena, CA 91101
4  (626) 795-4700
   Fax: (626) 795-4790
5  cmcnatt@scopelitis.com

6  Attorney for Defendant, Diakon Logistics, Inc.

7
                **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8                   **IN AND FOR THE COUNTY OF SAN FRANCISCO**

9

10 | GHAZI RASHID and | ) | **CASE NO. CGC-07-470303** |
|---|---|---|
   | MOHAMED ABDELFATTAH, Individually, | ) | |
11 | On behalf of All Others similarly situated, and | ) | |
   | On behalf of the General Public, | ) | |
12 | | ) | |
   | Plaintiffs, | ) | **CLASS ACTION** |
13 | | ) | |
   | vs. | ) | |
14 | | ) | |
   | DIAKON LOGISTICS INC., and | ) | |
15 | DOES 1 through 50, inclusive, | ) | **NOTICE OF REMOVAL TO** |
   | | ) | **ADVERSE PARTIES AND** |
16 | Defendants, | ) | **STATE COURT CLERK** |

17

18    You are hereby notified that Defendant, Diakon Logistics Inc. has on January 25, 2008,

19 filed in the U.S. District Court for the Northern District of California its Notice of Removal of

20 this case. A copy of the Notice of Removal is attached hereto.

21                                        Respectfully submitted,

22                                        **SCOPELITIS, GARVIN, LIGHT,**
                                          **HANSON & FEARY, LLC**
23

24

25    By:_____
                                          Christopher C. McNatt Jr.
26                                        Attorney for Defendants, Diakon Logistics
                                          Inc.
27

28

                                          1
                NOTICE OF REMOVAL TO ADVERSE PARTIES AND STATE COURT CLERK

                            ξ×ß   33

1

## CERTIFICATE OF SERVICE

2     I hereby certify that on January _____, 2008, a copy of the foregoing was mailed by first

3     class United States mail, postage prepaid, to the following:

4     Issa J. Michael, Esq.
      The Michael Law Firm
5     1648 Union Street, Suite 201
      San Francisco, California 94123
6

7

8                                              _____
                                               Christopher C. McNatt Jr.

9     SCOPELITIS, GARVIN, LIGHT,
      HANSON & FEARY, LLC
10    2 North Lake Avenue, Suite 460
      Pasadena, CA 91101
11    (626) 795-4700
      Fax:  (626) 795-4790
12    cmcnatt@scopelitis.com
      h:\users\\newton\vjf\diakonlog-10610\82-by rashid\pleadings\notice of removal-sup ct.doc
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ExB  34