Christopher C. McNatt, Jr.
Cal. Bar No. 174559
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460
Pasadena, CA 91101
(626) 795-4700
Fax:  (626) 795-4790
cmcnatt@scopelitis.com

Attorney for Defendant, Diakon Logistics Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GHAZI RASHID and MOHAMED ABDELFATTAH, Individually, On behalf of All Others similarly situated, and On behalf of the General Public,<br><br>Plaintiffs,<br><br>vs.<br><br>DIAKON LOGISTICS INC.,<br><br>Defendant<br><br>and<br><br>DOES 1 through 50, inclusive,<br><br>Defendant. | **CASE NO. 3:08-cv-00621 BZ**<br><br>**CLASS ACTION**<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** |

Defendant, Diakon Logistics Inc. ("Diakon"), by counsel, and pursuant to Fed.R.Civ.P. 8(b) and (c) and 13(a) respectfully submits the following Answer and Affirmative Defenses to Plaintiffs' Complaint for Compensatory Damages, Injunctive Relief, Restitution and Disgorgement of Profits, (the "Complaint") filed by Plaintiffs, Ghazi Rashid and Mohamed Abdelfattah:

**ANSWER**

**I.**
**Introduction**

1.  Diakon denies the allegations contained in paragraph 1 of the Complaint.

2. Diakon admits Plaintiffs purport to bring this action pursuant to the statutory and regulatory provisions set out in paragraph 2 of the Complaint, but denies the remaining allegations contained in paragraph 2 of the Complaint.

3. Diakon admits Plaintiffs purport to bring this action pursuant to the statutes identified in paragraph 3 of the Complaint, but denies the remaining allegations contained in paragraph 3 of the Complaint.

## II.
## Jurisdiction and Venue

4. For its answer to paragraph 4, Diakon incorporates by reference its answers to paragraphs 1 through 3 of the Complaint.

5. The allegations contained in paragraph 5 are denied as moot as a result of the removal of this case to this Court. This Court has jurisdiction of this case.

6. The allegations contained in paragraph 6 regarding venue are denied as moot as a result of the removal of this case to this Court. This case should be transferred from the Northern District of California to the Southern District of California pursuant to 28 U.S.C. § 1404(a). Diakon denies the remaining allegations contained in paragraph 6 of the Complaint.

## III.
## Parties

7. For its answer to paragraph 7, Diakon incorporates by reference its answers to paragraphs 1 through 6 of the Complaint.

8. Diakon admits Plaintiffs are adults, is without information sufficient to form a belief as to Plaintiffs' competency and therefore denies the same, and denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Diakon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies the same.

10. Diakon denies the allegations contained in paragraph 10 of the Complaint.

11. Diakon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies the same.

12. Diakon denies the allegations contained in paragraph 12 of the Complaint.

13. Diakon denies the allegations contained in paragraph 13 of the Complaint.

14. The allegations in paragraph 14 of the Complaint are not directed to Diakon and do not require a response. To the extent a response is required, Diakon denies the allegations contained in paragraph 14 of the Complaint.

15. Diakon denies the allegations contained in paragraph 15 of the Complaint.

## IV.
### Factual Background

16. For its answer to paragraph 16, Diakon incorporates by reference its answers to paragraphs 1 through 15 of the Complaint.

17. Diakon denies the allegations contained in paragraph 17 of the Complaint.

18. Diakon denies the allegations contained in paragraph 18 of the Complaint.

19. Diakon denies the allegations contained in paragraph 19 of the Complaint.

20. Diakon denies the allegations contained in paragraph 20 of the Complaint.

21. Diakon denies the allegations contained in paragraph 21 of the Complaint.

22. Diakon denies the allegations contained in paragraph 22 of the Complaint.

23. Diakon denies the allegations contained in paragraph 23 of the Complaint.

24. Diakon denies the allegations contained in paragraph 24 of the Complaint.

25. Diakon denies the allegations contained in paragraph 25 of the Complaint.

26. Diakon denies the allegations contained in paragraph 26 of the Complaint.

## V.
### Class Allegations

27. For its answer to paragraph 27, Diakon incorporates by reference its answers to paragraphs 1 through 26 of the Complaint.

28. Diakon admits that Plaintiffs are seeking to bring this action on behalf of themselves and others as a class action, but denies the remaining allegations contained in paragraph 28 of the Complaint.

29. The allegations in paragraph 29 of the Complaint are not directed to Diakon and do not require a response. To the extent a response is required, Diakon denies the allegations contained in paragraph 29 of the Complaint.

30. Diakon denies the allegations contained in paragraph 30 of the Complaint.

**A. <u>Numerosity</u>**

31. Diakon denies the allegations contained in paragraph 31 of the Complaint.

**B. <u>Common Questions Predominate</u>**

32. Diakon denies the allegations contained in paragraph 32 of the Complaint.

33. The allegations contained in paragraph 33 of the Complaint are questions of law to which no response is required. To the extent a response is required, Diakon denies the allegations contained in paragraph 33 of the Complaint.

**C. <u>Typicality</u>**

34. Diakon denies the allegations contained in paragraph 34 of the Complaint.

**D. <u>Adequacy of Representation</u>**

35. Diakon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

**E. <u>Superiority of Class Action</u>**

36. Diakon denies the allegations contained in paragraph 36 of the Complaint.

**FIRST CAUSE OF ACTION**
(Against All Defendants on Behalf of Plaintiffs, the CLASS, and the General Public)
**Failure to Pay Minimum Wages**

37. For its answer to paragraph 37, Diakon incorporates by reference its answers to paragraphs 1 through 36 of the Complaint.

38. Diakon denies the allegations contained in paragraph 38 of the Complaint.

39. Diakon denies the allegations contained in paragraph 39 of the Complaint.

**<u>SECOND CAUSE OF ACTION</u>**
(Against All Defendants on Behalf of Plaintiffs, the CLASS, and the General Public)
**Failure to Provide Proper Meal Breaks, or Compensation in Lieu Thereof**

40. For its answer to paragraph 40, Diakon incorporates by reference its answers to paragraphs 1 through 40 of the Complaint.

1  41.  Diakon denies the allegations contained in paragraph 41 of the Complaint.

2  42.  Diakon denies the allegations contained in paragraph 42 of the Complaint.

3  43.  Diakon denies the allegations contained in paragraph 43 of the Complaint.

**THIRD CAUSE OF ACTION**
**(Against All Defendants on Behalf of Plaintiffs, the CLASS, and the General Public)**
**Failure to Provide Proper Rest Periods, or Compensation in Lieu Thereof**

44.  For its answer to paragraph 44, Diakon incorporates by reference its answers to paragraphs 1 through 44 of the Complaint.

45.  Diakon denies the allegations contained in paragraph 45 of the Complaint.

46.  Diakon denies the allegations contained in paragraph 46 of the Complaint.

**FOURTH CAUSE OF ACTION**
**(Against All Defendants on Behalf of Plaintiffs, the CLASS, and the General Public)**
**Failure to Reimburse For Reasonable Business Expenses**

47.  For its answer to paragraph 47, Diakon incorporates by reference its answers to paragraphs 1 through 46 of the Complaint.

48.  Diakon denies the allegations contained in paragraph 48 of the Complaint.

49.  Diakon denies the allegations contained in paragraph 49 of the Complaint.

50.  Diakon denies the allegations contained in paragraph 50 of the Complaint.

**FIFTH CAUSE OF ACTION**
**(Against All Defendants on Behalf of Plaintiffs, the CLASS, and the General Public)**
**Failure to Provide Properly Itemized Wage Statements**

51.  For its answer to paragraph 51, Diakon incorporates by reference its answers to paragraphs 1 through 50 of the Complaint.

52.  The allegations contained in paragraph 52 of the Complaint are assertions of law to which no answer is required.  To the extent an answer is required, Diakon denies the allegations contained in paragraph 52 of the Complaint.

53.  Diakon denies the allegations contained in paragraph 53 of the Complaint.

54.  Diakon denies the allegations contained in paragraph 54 of the Complaint.

55.  Diakon denies the allegations contained in paragraph 55 of the Complaint.

### SIXTH CAUSE OF ACTION
### (Against All Defendants on Behalf of Plaintiffs, the CLASS, and the General Public)
### Unlawful and Unfair Business Practices

56. For its answer to paragraph 56, Diakon incorporates by reference its answers to paragraphs 1 through 55 of the Complaint.

57. The allegations contained in paragraph 57 of the Complaint are assertions of law to which no answer is required. To the extent an answer is required, Diakon denies the allegations contained in paragraph 57 of the Complaint.

58. The allegations contained in paragraph 58 of the Complaint are assertions of law to which no answer is required. To the extent an answer is required, Diakon denies the allegations contained in paragraph 58 of the Complaint.

59. The allegations contained in paragraph 59 of the Complaint are assertions of law to which no answer is required. To the extent an answer is required, Diakon denies the allegations contained in paragraph 59 of the Complaint.

60. Diakon denies the allegations contained in paragraph 60 of the Complaint.

61. Diakon denies the allegations contained in paragraph 61 of the Complaint.

62. Diakon denies the allegations contained in paragraph 62 of the Complaint.

63. The allegations set out in paragraph 63 of the Complaint relating to relief purportedly authorized by the California Business and Professions Code are assertions of law to which no answer is required. To the extent an answer is required, Diakon denies those allegations, and denies the remaining allegations contained in paragraph 63 of the Complaint.

64. Diakon denies the allegations contained in paragraph 64 of the Complaint.

### SEVENTH CAUSE OF ACTION
### (Against All Defendants on Behalf of Plaintiffs, the CLASS, and the General Public)
### On Behalf of Plaintiffs, the State of California, and All Other Aggrieved Employees

65. For its answer to paragraph 65, Diakon incorporates by reference its answers to paragraphs 1 through 64 of the Complaint.

66. Diakon denies the allegations contained in paragraph 66 of the Complaint.

67. Diakon admits that Plaintiffs seek to bring this action on behalf of themselves and others as a class action, but denies the remaining allegations of paragraph 67 of the Complaint.

1  68. Diakon denies the allegations contained in paragraph 68 of the Complaint.

2  69. Diakon denies the allegations contained in paragraph 69 of the Complaint.

3  70. Diakon denies the allegations contained in paragraph 70 of the Complaint.

4  71. Diakon denies the allegations contained in paragraph 71 of the Complaint.

5  72. Diakon denies the allegations contained in paragraph 72 of the Complaint.

6  73. The allegations in paragraph 73 of the Complaint are assertions of law to which no response is required.  To the extent a response is required, the allegations are denied.

74. The allegations in paragraph 74 of the Complaint are assertions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

1. The Complaint should be dismissed because neither Plaintiffs nor the business entities that employed them had a relationship of any kind with Diakon.

2. The Complaint should be dismissed because Plaintiffs are not the real parties in interest and because Plaintiffs have failed to join persons needed for just adjudication, including Rashid Trucking, Inc., Abdul Trucking, Inc., and Diakon Logistics (Delaware) Inc.

3. The Complaint should be dismissed because Plaintiffs have failed to exhaust all administrative remedies available and required to secure the benefits and protections to which they claim to have been entitled pursuant to California law.

4. Plaintiffs' Complaint should be dismissed because questions regarding the benefits and protections to which Plaintiffs claim to have been entitled, including Plaintiffs' entitlement to those benefits and the amount of any benefits, are within the exclusive and primary jurisdiction of certain California state administrative agencies.

5. Plaintiffs' claims for damages are barred, in whole or in part, by Plaintiffs' failure to mitigate their damages.

6. Plaintiffs have been reimbursed for all of their alleged business expenses through compensation they received for their services and therefore cannot recover those expenses.

7. Some or all of Plaintiffs' claims are barred by the doctrine of laches.

8. Some or all of Plaintiffs' claims are barred by the doctrine of payment.

9. Some or all of Plaintiffs' claims are barred by the doctrine of waiver.

10. Some or all of Plaintiffs' claims are barred by the doctrine of estoppel.

11. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

12. Some or all of Plaintiffs' claims are barred to the extent they are preempted by federal statutes and regulations applicable to motor carriers.

13. Some or all of Plaintiffs' claims should be reduced by the doctrine of set off.

14. Diakon will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend its answer and affirmative defenses to include additional defenses after the completion of discovery.

WHEREFORE, Diakon respectfully requests that Plaintiffs take nothing by way of the Complaint, for an award of attorney fees and costs of this action, and for all other necessary and proper relief.

Respectfully submitted,

**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP**

By: */s/Christopher C. McNatt Jr.*
Christopher C. McNatt Jr.
Attorney for Defendant, Diakon Logistics Inc.

### CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2008, a copy of the foregoing was mailed by first class United States mail, postage prepaid, to the following:

Issa J. Michael, Esq.
The Michael Law Firm
1648 Union Street, Suite 201
San Francisco, California 94123

*/s/Christopher C. McNatt Jr.*
Christopher C. McNatt Jr.

h:\users\lnewton\rjt\diakonlog-10610\82-by rashid\pleadings\answer,affdef.doc